■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLARD BISSELL KENT, Appellant.— Judgment of conviction unanimously reversed on the law and facts and a new trial granted. Appeal from order dismissed as academic. Memorandum: The trial court erred in failing to charge assault, third degree, and we, in the exercise of proper discretion, think it should have been done despite the failure of defendant's assigned counsel to so request. In view of the evidence of defendant's intoxication, the jury, under appropriate instructions, might have found that the element of intent referred to in section 242 of the Penal Law was not present but that there was guilt of third degree assault, nevertheless. It is not clear from the record whether the additional sentence under section 1944 of the Penal Law was imposed by the trial court in the exercise of discretion, or by a determination that such sentence was mandatory under the law. If the question arises upon retrial, sentence under the section should be imposed or not imposed as a matter of discretion. (Appeal from a judgment of Oswego County Court convicting defendant of assault, second degree, on two counts. The order denied defendant's motion for an order directing that defendant be returned for resentence and that the additional sentence under section 1944 of the Penal Law be deleted.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLYDE TOLBERT, Appellant, against ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.— Order unanimously reversed and proceeding remitted to Cayuga County, Special Term, Supreme Court for further proceedings in accordance with memorandum. Memorandum: Upon the concession of the Attorney-General that a hearing is necessary and proper to determine whether or not the seventh count of the indictment charging assault, second degree, was merged in the first count of the indictment charging rape, first degree, so as to prevent the imposition of consecutive prison terms, the proceeding should be remanded for such hearing. The failure to comply with section 1258 of the Civil Practice Act should be remedied prior to the hearing and the required notice given to the District Attorney of Bronx County. (Cf. *People ex rel. Sams* v. *Murphy*, 8 A D 2d 460, 462.) (Appeal from an order of Cayuga Special Term dismissing a writ of habeas corpus and remanding relator to the custody of the Warden of Auburn Prison.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.